UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOJACK CORPORATION,            )
                               )
            Plaintiff,         )
                               )       Civil Action No. _____
    v.                         )
                               )       **02-10497PBS**
ABSOLUTE SOFTWARE              )
CORPORATION                    )
                               )
            Defendant.         )
                               )

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, DILUTION AND RELATED
COMMONWEALTH LAW VIOLATIONS
AND DEMAND FOR JURY TRIAL**

**COMPLAINT**

Plaintiff, LOJACK CORPORATION ("LoJack"), by its undersigned counsel, for its Complaint against defendant, ABSOLUTE SOFTWARE CORPORATION ("Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action by LoJack for federal trademark infringement, unfair competition and dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), and related violations of the laws of the Commonwealth of Massachusetts.

2. LoJack brings this action to end Defendant's unauthorized use of LoJack's registered trademark and corporate name LO-JACK® (the "LO-JACK Mark") which has resulted in an infringement of LoJack's registered trademarks. Defendant is a corporation utilizing software to locate lost or stolen laptop computers. LoJack has developed and markets

1

sophisticated technology to locate lost or stolen motor vehicles and plans to market and sell its antitheft technology and services in other marketplaces.

3. Defendant uses the LO-JACK Mark in its marketing and advertising efforts on the Internet and through electronic mediums. Defendant's actions are likely to confuse the public as to the source and origin of the products they are purchasing and this confusion reduces the value of LoJack's registered trademarks and adversely affects the sales of LoJack's products and established goodwill.

## PARTIES

4. The Plaintiff, LoJack Corporation, is a Massachusetts corporation with its principal place of business located at 200 Lowder Brook Drive, Suite 1000, Westwood, MA 02090.

5. LoJack develops and markets sophisticated computerized technology used to recover lost or stolen motor vehicles.

6. Defendant is a Canadian corporation which provides software and related services to track and provide security for computers.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and supplemental jurisdiction over the Commonwealth claims under 28 U.S.C. § 1367.

8.  Pursuant to 28 U.S.C. § 1391(b), venue for this action is proper in this Court because Defendant resides in this District or, in the alternative, because a substantial part of the events giving rise to the claims herein occurred in this District.

## STATEMENT OF FACTS

9.  LoJack Corporation has used the LO-JACK Mark, and other marks incorporating the LO-JACK Mark, since at least as early as 1986.

10.  LoJack is the owner of numerous United States trademark registrations for marks which comprise or include the LO-JACK Mark, all of which are legally and validly registered on the Principal Register of the United States Patent and Trademark Office. These trademarks and service marks are valid and subsisting and include:

(a) Registration Number 1,482,211, dated March 29, 1988 ("LO-JACK") for transponder units and police tracking computers.

(b) Registration Number 1,653,600, dated August 13, 1991 ("LOJACK PREVENT") for automobile electronic theft units.

11.  Since at least as early as 1986, LoJack has continuously used in interstate commerce the LO-JACK Mark, and other marks incorporating the LO-JACK Mark, in connection with the sale of various antitheft devices and services.

12.  Pursuant to 15 U.S.C. § 1057(b), LoJack's trademark registration certificates are *prima facie* evidence of the validity of said registrations, LoJack's ownership of the marks therein, and LoJack's exclusive right to use said marks in commerce in connection with the goods and services specified in the registration certificates. Pursuant to Section 15 of the

Lanham Act, 15 U.S.C. § 1065, LoJack's right to use the LO-JACK Mark established in Reg. No. 1482211 and several other "LO-JACK" registrations has become incontestable.

13.     LoJack consistently and prominently displays and advertises the LO-JACK Mark in connection with its goods and services. Through the years, LoJack has spent substantial sums of money extensively promoting and advertising its goods and services under the LO-JACK Mark.

14.     As a result of this advertising and promotion of its goods and services, the LO-JACK Mark has become, long prior to the unlawful acts of Defendant complained of herein, an asset of significant value to LoJack.

15.     In addition, as a result of LoJack's extensive advertising and promotion of its goods and services, the LO-JACK Mark became famous long prior to the unlawful acts of Defendant complained of herein.

16.     LoJack develops and markets vehicle recovery technology which is used by law enforcement, security organizations, and consumers throughout the United States and worldwide.

17.     LoJack is the market leader in stolen vehicle tracking and recovery. As a result, it has acquired a significant amount of goodwill. The LO-JACK Mark has become synonymous with tracking technology. LoJack is actively pursuing entering markets for tracking other valuable items and has developed new products to extend its line of products beyond recovery of stolen motor vehicles.

18.     As a result of LoJack's notoriety and the worldwide recognition of its name, Defendant has used and is currently using the LO-JACK Mark as a means of advertising its own

4

competing product and describes its product as a "Lojack for Laptops." Using the LO-JACK Mark in such advertising, publicity, and marketing is unauthorized and in violation of LoJack's various trademarks containing the LO-JACK Mark.

19.     On January 23, 2002, Pascal Rollmann, Defendant's Sales Manager, sent an email to an unspecified number of recipients advertising Defendant's software products and offering the email recipients the opportunity to purchase a "Lojack for Laptops" device. One such recipient of this email was an individual located in the Commonwealth of Massachusetts. The subject of this email was: "'Lojack for Laptops': Absolute's Special ASIS Offer Has Been EXTENDED." The text of the email included an additional reference to the LO-JACK Mark – "Absolute's market-leading ComputracePlus – or "Lojack for Laptops" – can help you track your PCs...."

20.     Similar to LoJack's technology used to locate lost or stolen motor vehicles, Defendant's software tracks lost or stolen personal computers.

21.     Defendant owns no rights in or to the LO-JACK Mark.

22.     LoJack has never authorized, licensed or otherwise permitted Defendant to use the LO-JACK Mark, or any confusingly similar variations thereof.

23.     On February 7, 2002, LoJack sent a letter to Defendant, requesting that it provide written assurances by February 22, 2002 that Defendant would immediately cease and desist from further use of the LO-JACK Mark. As of the date of filing of this Complaint, Defendant had not responded to LoJack's February 7, 2002 letter.

24. At the time Defendant began its infringing and diluting use of the LO-JACK Mark, Defendant had constructive notice of LoJack's rights under Section 22 of the Lanham Act, 15 U.S.C. § 1072, and knew or should have known of the valuable reputation and goodwill symbolized by the LO-JACK Mark.

25. Defendant's unlawful use of the LO-JACK Mark is willful and intentional and intended to trade on the reputation and goodwill of LoJack, to confuse and deceive consumers, and to give Defendant an opportunity which it would not otherwise have.

26. Such unauthorized use damages LoJack's long established goodwill in the field of antitheft devices and tracking services, and may adversely affect its efforts to expand into markets beyond motor vehicles.

27. Defendant's unlawful activities have resulted, and, unless restrained by this Court, will continue to result, in unjust enrichment to Defendant and serious and irreparable harm and injury to LoJack. Moreover, Defendant's unlawful activities have lessened and diluted, and, unless restrained by this Court, will continue to lessen and dilute, the strength and distinctiveness of the LO-JACK Mark.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (Violation of Section 32(1) of The Lanham Act)

28. LoJack repeats and realleges the allegations of paragraphs 1 through 28 of the Complaint as though fully set forth herein.

29.     Defendant's unauthorized use of the LO-JACK Mark in advertising and email solicitations conducted over the Internet and through electronic communications constitutes a commercial use in commerce.

30.     Defendant has, without LoJack's consent, used in commerce and reproduced, counterfeited and copied LoJack's marks including the LO-JACK Mark, and has applied these reproductions, counterfeits and copies to unauthorized advertisements and email solicitations used in commerce in connection with the sale, offering for sale, distribution and advertising of goods and services in connection with Defendant's products and such use has caused and is likely to continue to cause confusion, mistake and deception.

31.     Defendant's reference to the LO-JACK Mark in its advertising and email solicitations is likely to cause confusion among consumers and deceive the public into believing that the Defendant's software product is associated with the goodwill earned by LoJack in connection with its LO-JACK Mark and thus, is implied to be a product of quality comparable to that of the products and services identified by the LO-JACK Mark.

32.     LoJack's registration of the LO-JACK Mark on the Principal Register constitutes *prima facie* evidence of the validity of the registered mark and of LoJack's exclusive right to use the LO-JACK Mark on the goods and services specified in the registration. Defendant's unauthorized use of the LO-JACK Mark in its advertising and email solicitations is in violation of LoJack's right to exclusive use under Section 33 of the Lanham Act, 15 U.S.C. § 1115.

33.     Defendant had constructive notice of LoJack's rights under Section 22 of the Lanham Act, 15 U.S.C. § 1072, and knew or should have known of the valuable reputation and goodwill symbolized by the LO-JACK Mark. Defendant's unlawful use of the LO-JACK Mark

is willful and intentional and intended to trade on the reputation and goodwill of LoJack, to confuse and deceive consumers, and to give Defendant an opportunity which it would not otherwise have.

34.     As a result of Defendant's intentional infringement, LoJack has suffered, and continues to suffer, substantial damages and irreparable injury, and seeks to recover Defendant's profits, damages sustained by LoJack, and the costs of this action as provided in Section 35 of the Lanham Act, 15 U.S.C. § 1117. In addition, LoJack seeks the Court to enter a judgment for treble damages, as well as reasonable attorneys' fees, due to Defendant's willful infringement.

35.     LoJack seeks preliminary and permanent injunctive relief as provided in Section 34(a) of the Lanham Act, 15 U.S.C. § 1116, to prevent further violation of LoJack's registered marks.

36.     Defendant's aforesaid acts constitute federal trademark infringement in violation of LoJack's rights under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (Violation of Section 43(a) of The Lanham Act)

37.     LoJack repeats and realleges the allegations of paragraphs 1 through 37 of the Complaint as though fully set forth herein.

38.     Defendant's unauthorized use of the LO-JACK Mark in advertising and solicitations conducted over the Internet and through electronic email communications constitutes a commercial use in commerce.

39. Defendant's unauthorized use of the LO-JACK Mark in email solicitations sent through electronic media constitutes a false and misleading representation which wrongfully and falsely describes and represents the origin of Defendant's goods or services as originating from or being connected to LoJack.

40. Defendant's promotion of its product as a "Lojack for Laptops" is likely to cause confusion as to Defendant's affiliation, connection or association with LoJack or as to the origin, sponsorship or approval of Defendant's goods or services by LoJack, thus inducing the general public to believe, contrary to fact, that the products advertised and solicited by Defendant are affiliated with or sponsored by LoJack.

41. As a result of Defendant's unlawful acts, LoJack has suffered, and continues to suffer, substantial damages in an amount to be determined at trial. LoJack is entitled to receive Defendant's profits, damages sustained by LoJack due to Defendant's unlawful conduct, costs of this action and attorneys' fees as provided in Section 35 of the Lanham Act, § 1117(a). These actual damages and profits should be enhanced because Defendant's violation of the LoJack Mark is willful.

42. In addition, LoJack has suffered losses and irreparable injury to its business reputation and goodwill. Defendant's acts will continue to harm LoJack's goodwill and reputation unless, and until, enjoined by this Court. LoJack's remedy at law is not by itself adequate to compensate it for the injuries inflicted and threatened by Defendant. Accordingly, LoJack is entitled to preliminary or permanent injunctive relief as necessary pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116(a).

43. Defendant's aforesaid acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

### FEDERAL TRADEMARK DILUTION
### (Violation of Section 43(c) of The Lanham Act)

44. LoJack repeats and realleges the allegations of paragraphs 1 through 44 of the Complaint as though fully set forth herein.

45. Defendant's unauthorized use of the LO-JACK Mark in advertising and email solicitations conducted over the Internet constitutes a commercial use in commerce.

46. As a result of LoJack's continuous and substantial use, and extensive advertising and publicity of the LO-JACK Mark throughout the United States and the world in connection with its goods and services, the LO-JACK Mark has become famous and, as such, is associated with locating lost or stolen goods. The LO-JACK Mark became famous long before the unlawful acts of Defendant complained of herein.

47. Defendant's unauthorized use of the LO-JACK Mark has lessened and diluted, and will continue to lessen and dilute, the distinctive quality of LoJack's famous LO-JACK Mark. Defendant's actions were willful and intentionally intended to lessen and dilute the distinctive quality of the LO-JACK Mark and to take advantage and trade on LoJack's established and well esteemed reputation.

48. After LoJack's marks became famous, Defendant began its commercial use of the LO-JACK Mark which has blurred and is continuing to blur the distinctiveness of LoJack's marks.

49. Defendant's aforesaid acts constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. As a result of Defendant's willful and unlawful acts, LoJack has suffered, and continues to suffer, substantial damages in an amount to be determined at trial and irreparable injury to LoJack's famous marks and to the goodwill and business associated with those marks.

51. LoJack is entitled to preliminary and permanent injunctive relief against Defendant's commercial use in commerce of The LO-JACK Mark as provided in Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV

### COMMONWEALTH TRADEMARK DILUTION
### (Violation of Mass. Gen. Laws. Ann Ch. 110B § 12)

52. LoJack repeats and realleges the allegations of paragraphs 1 through 52 of the Complaint as though fully set forth herein.

53. As a result of LoJack's continuous and substantial use, and extensive advertising and publicity of the LO-JACK Mark in the Commonwealth of Massachusetts and throughout the United States and the world in connection with its goods and services, the LO-JACK Mark has become well known and distinctive and, as such, is frequently associated with locating lost or stolen goods.

54.  The LO-JACK Mark is a famous trademark and became famous long before the unlawful acts of Defendant complained of herein.

55.  Defendant's unauthorized use of the LO-JACK Mark willfully and intentionally lessened and diluted, and will continue to lessen and dilute, the distinctive quality of LoJack's famous LO-JACK Mark.

56.  Defendant sought to take advantage and trade on LoJack's established and well esteemed reputation.

57.  Defendant's aforesaid acts constitute trademark dilution in violation of Massachusetts Anti-Dilution Statute, Mass. Gen. Laws Ann. Ch. 110B §12.

58.  As a result of Defendant's unlawful acts, LoJack has suffered, and continues to suffer, substantial damages in an amount to be determined at trial.

59.  LoJack is further entitled to preliminary and permanent injunctive relief against Defendant's commercial use of The LO-JACK Mark as provided in Mass. Gen. Laws Ann. Ch. 110B § 12.

## COUNT V

### UNFAIR METHODS OF COMPETITION AND DECEPTIVE TRADE PRACTICES
(Violation of Mass. Gen. Laws Ann. Ch. 93A §§ 2 AND 11)

60.  LoJack repeats and realleges the allegations of paragraphs 1 through 60 of the Complaint as though fully set forth herein.

61.  LoJack and Defendant are both engaged in trade or commerce.

62.     Defendant's unauthorized use of the LO-JACK Mark in the Commonwealth of Massachusetts and in commerce constitutes use of a false designation of origin or a false or misleading representation that wrongfully and falsely describes and represents the origin of Defendant's goods or services as originating from or being connected with LoJack and are likely to cause confusion as to Defendant's affiliation, connection or association with LoJack or as to the origin, sponsorship or approval of Defendant's goods or services by LoJack.

63.     Defendant's aforesaid acts constitute unfair methods of competition and knowing and willful unfair or deceptive acts or practices in violation of Mass. Gen. Laws Ann. Ch. 93A §§ 2 and 11.

64.     Defendant's aforesaid unfair methods of competition and knowing and willful unfair or deceptive acts or practices have taken place primarily and substantially in the Commonwealth of Massachusetts.

65.     As a result of Defendant's unlawful acts, LoJack has suffered, and continues to suffer, substantial damages and irreparable injury, including monetary loss and loss of property.

66.     As a result of Defendant's unlawful actions, LoJack is entitled to treble damages and its attorneys' fees and costs.

## COUNT VI

### UNFAIR COMPETITION

67.     LoJack repeats and realleges the allegations of paragraphs 1 through 67 of the Complaint as though fully set forth herein.

68.     Defendant's unauthorized use of the LO-JACK Mark in the Commonwealth of Massachusetts and in commerce constitutes use of a false designation of origin or a false or misleading representation that wrongfully and falsely describes and represents the origins of Defendant's goods or services as originating from or being connected with LoJack and are likely to cause confusion as to Defendant's affiliation, connection or association with LoJack or as to the origin, sponsorship or approval of Defendant's goods or services by LoJack.

69.     The LO-JACK Mark has acquired a reputation in the market such that the public inevitably associates this mark with the goods and services LoJack provides under them. Defendant knew and today knows of this reputation.

70.     Defendant used and continues to use the LO-JACK Mark in its advertising and email solicitations in a deliberate effort to trade on LoJack's reputation and mislead the public.

71.     The public will be misled by the Defendant's use of the LO-JACK Mark.

72.     Defendant's aforesaid acts constitute unfair competition in violation of LoJack's rights under the common law of the Commonwealth of Massachusetts.

73.     As a result of Defendant's unlawful acts, LoJack has suffered, and continues to suffer, substantial damages in an amount to be determined at trial.

74.     LoJack is further entitled to preliminary and permanent injunctive relief against Defendant's unauthorized use of the LO-JACK Mark.

## PRAYER FOR RELIEF

WHEREFORE, LoJack respectfully prays for judgment:

1. That Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, including purchasers and licensees of the infringing use of the LoJack Mark through advertising, be preliminarily and permanently enjoined and restrained, from:

    A.    Further using the LO-JACK Mark, or any other mark, logo, name or designation in an email or any other means that gives rise to a likelihood of confusion, mistake or deception with respect to LoJack's LO-JACK Mark, or in anyway dilute the distinctiveness of the LO-JACK Mark; and

    B.    Doing any other act likely to induce the mistaken belief that Defendant, its products, services, information or Internet web site are in any way affiliated, connected, or associated with LoJack or its goods or services.

2. That Defendant be required to immediately remove all references to the LO-JACK Mark from its advertising and promotional materials.

3. That, pursuant to 15 U.S.C. §1118, Defendant be required to deliver up and destroy all packages, brochures, wrappers, advertisements, promotions and all other materials in the custody or under the control of Defendants bearing the name and mark of LO-JACK or any other designation likely to cause confusion with the LO-JACK Mark.

4. That, pursuant to 15 U.S.C. §1116, Defendant be directed to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

5. That the Court award Plaintiff damages in an amount to be determined at trial.

6. That the Court award Plaintiff treble damages in an amount to be determined at trial.

7. That the Court award Plaintiff its costs and attorneys' fees in prosecuting these claims.

8. That the Court grant Plaintiff such other and further relief as this Court may deem just.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**LOJACK CORPORATION**

By its Attorneys,

Dated: March 19, 2002

*Kimberly B. Herman*
Paul R. Gupta, Esq. (BBO # 214795)
Scott D. Schafer, Esq. (BBO # 631384)
Kimberly B. Herman, Esq. (BBO# 629552)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800